# LUSKIN, STERN & EISLER LLP

ELEVEN TIMES SQUARE

NEW YORK, NEW YORK 10036

TELEPHONE: (212) 974-3200
TELECOPIER: (212) 974-3205

MICHAEL LUSKIN
luskin@lsellp.com

May 13, 2014

**BY ECF FILING**

The Honorable William H. Pauley, III
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **Stewart Turner v. Richard J. Davis (In re Fletcher International, Ltd.),
      14 Civ. 02836 (WHP)**

Dear Judge Pauley:

      This firm represents Appellee, Richard J. Davis, the Plan Administrator and former Chapter 11 Trustee for Fletcher International, Ltd. I write in response to Alphonse Fletcher, Jr.'s April 28, 2014, letter requesting permission to file an untimely notice of appeal or to join in Stewart Turner's appeal of the Trustee's settlement with UCBI. For the following reasons, the Court should deny Mr. Fletcher's request.

      Mr. Fletcher had notice of the hearing to consider the Trustee's settlement with UCBI, but did not file an objection; he was present (telephonically) at the hearing, but raised no objection; and he failed to file a notice of appeal from the Bankruptcy Court's order approving the settlement within the 14-day period required by Bankruptcy Rule 8002(a).

      On April 23, 2014, Mr. Fletcher filed a motion in the Bankruptcy Court under Bankruptcy Rule 8002(c) seeking leave to file a late notice of appeal due to "excusable neglect." [*See* Bankruptcy Court Docket No. 515.] The Trustee has opposed that motion because, among other reasons, Mr. Fletcher lacks standing to appeal (having failed to object, he is not a "person aggrieved"); and even if he did have standing, he has proffered no evidence of "excusable neglect." (The Trustee's opposition is Bankruptcy Court Docket No. 533; a copy is attached as Exhibit 1.) Fletcher's motion is *sub judice*, and we respectfully submit that Your Honor should reject Mr. Fletcher's request to consider it here and instead allow the Bankruptcy Court to rule on Mr. Fletcher's motion.

      In his letter to Your Honor, Mr. Fletcher refers to (and attaches) voluminous papers he previously filed in the Bankruptcy Court claiming that the Trustee and several current and former fiduciaries in the FILB and related Soundview Elite bankruptcy cases failed to make adequate disclosure of various "conflicts" when they were retained, and seeking a stay of proceedings pending adjudication of his request. (*See* Fletcher Letter Ex. B.) At the hearing to

consider the UCBI settlement, the Bankruptcy Court rejected Mr. Fletcher's papers as untimely (Mr. Fletcher served them less than one hour before the hearing on the UCBI Settlement) and inadequate and denied his request for a stay, and directed Mr. Fletcher to file proper motion papers describing the relief being sought. (Mar. 19, 2014, Hrg. Tr. 6:15–7:20.)

On March 21, 2014, Mr. Fletcher filed a motion styled as the "Motion of Alphonse Fletcher, Jr. to Compel Compliance with Bankruptcy Code and Bankruptcy Rules *In re Fletcher International, Ltd.* and Associated Cases" [Bankruptcy Court Docket No. 481.] At a telephonic conference on March 26, 2014, the Court again denied Mr. Fletcher's request for a stay and scheduled a further status conference for April 2, 2014. The Court also directed Mr. Fletcher to file a table listing each party, what each supposedly did wrong, and the relief being sought as to each. At the April 2, 2014, conference, the Bankruptcy Court rejected Mr. Fletcher's chart as deficient and directed him to file a brief identifying the relevant statutes and specifying how each party failed to comply with them and the specific relief he was seeking as to each. (*See* Apr. 2, 2014, Hrg. Tr. 32:1–14; 38:24–39:6–20; a copy of the transcript is attached as Exhibit 2.) The Court gave Mr. Fletcher 30 days to file his brief (*i.e.*, until May 2, 2014) and left it to the parties to set a further briefing schedule. (*Id.* 32:15–33:10; 38:9–18.) Mr. Fletcher did not file his brief by May 2, 2014, and in fact still has not done so. If Mr. Fletcher obtains leave from the Bankruptcy Court to file his brief late, then the Trustee and the other parties will oppose his "Motion to Compel." While the Trustee does not believe this is the appropriate forum to refute each and every misstatement in Mr. Fletcher's submission to the Bankruptcy Court, it suffices to say that the allegations are baseless and misleading.

Mr. Fletcher did not object to or appeal from any of the Bankruptcy Court's rulings denying a stay and setting a filing deadline for his brief. Instead, he has sent his previously rejected "Motion to Compel" to Your Honor. There is no basis for Mr. Fletcher to have submitted these previously rejected papers to Your Honor. We therefore respectfully ask that Your Honor deny Mr. Fletcher's request to consider them and allow the matter to be considered in accordance with established procedures by the Bankruptcy Court.

Respectfully submitted,

Michael Luskin

Enclosures
cc:   Stewart Turner (pro se)
      Alphonse Fletcher, Jr. (pro se)