

FLETCHER ASSET MANAGEMENT, INC.
48 WALL STREET, FOURTH FLOOR
NEW YORK, NY 10005
T: (212) 284-4800
F:(212) 284-4801
WWW.FLETCHER.COM

ALPHONSE FLETCHER, JR.
AFLETCHER@FLETCHER.COM

May 14, 2014

The Honorable William H. Pauley, III
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/14
```

Re:  Stewart Turner v. Richard L Davis (In re Fletcher International, Ltd ),.
     14Civ 02836(WHP)

Dear Judge Pauley:

     I write in response to Michael Luskin's letter of yesterday. In my submission of March 19 and others before and after, I brought to the attention of the Bankruptcy Court some of the undisclosed connections and adverse interests held by the Fletcher International, Ltd. chapter 11 trustee and his advisors. I sought to stop the trustee's proposed actions including his settlement with United Community Banks, Inc., the subject of the above-captioned appeal. Specifically, I cited "the effect of the Fiduciaries violation of Rule 2014 and possible violation of section 327(a)"[1] and asked the Court to "stay actions of the Fiduciaries until their compliance with section 327(a) and Rule 2014 is confirmed." Mr. Luskin falsely attested that my allegations were baseless as he did in yesterday's letter to your honor. As a result of these false statements from an officer of the court, the Bankruptcy Court set aside my concerns without fair consideration of the Trustee's ties to parties benefiting from the inadequate settlement. I respectfully ask that you use your discretion pursuant to Bankruptcy Rules 8000(c)(2) to overrule the Bankruptcy Court's March 19th strike order which excluded my concerns and participation from the March 19th settlement hearing and permit me to be heard in *Turner v Davis*.

Respectfully Submitted,

Alphonse Fletcher, Jr.

---

[1] Mr. Luskin's letter also referred to Judge Oetken's April 23, 2014 ruling dismissing an appeal in an associated case but failed to mention the notice of appeal of that order explaining that our claim of "excusable neglect" results not simply from proceeding *pro se*. It results from wrongful interference with our participation and legal representation in these proceedings by parties associated with defendants in a retaliation-discrimination lawsuit, *Fletcher v Dakota*, ("Dakota Parties). The Fletcher International, Ltd. chapter 11 trustee, Richard J. Davis, did not disclose his connections to one of that case's name defendants, Anthony R. Smith. Mr. Luskin has twice falsely attested that it is a "different" Anthony R. Smith. My submissions document that the less glaring ties of Mr. Davis and Mr. Luskin are of even greater concern. As I wrote in my March 19, 2014 submission, "Fiduciaries with connections to such parties could have interests 'consistent with Defendant [Bruce] Barnes' threat to Fletcher in June 2010 that if Fletcher went ahead and vindicated his rights by filing this lawsuit, the [Dakota] Board would do everything in its power to destroy Fletcher and his reputation in the business community.' [*Fletcher v Dakota,* Amended Compl. ¶7]"