```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                    :    14 Civ. 2836 (WHP)
In re Fletcher International Ltd.
                                                    :    ORDER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

    By letter dated April 23, 2014 Alphonse Fletcher moves for permission to appeal the Bankruptcy Court's March 19, 2014 order striking his motion to compel compliance with the Bankruptcy Code in In re Fletcher International, Ltd.. Fletcher also seeks permission to appeal the Bankruptcy Court's March 20, 2014 order approving a proposed settlement between Fletcher International, Ltd. ("FILB") and UCBI. In the alternative, Fletcher requests permission to join Stewart Turner's timely-filed appeal of that settlement order.

    A party seeking to appeal a Bankruptcy Court order must file a notice of appeal within 14 days of the entry of the order. Fed. R. Bankr. P. 8002(a). "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires." Fed. R. Bankr. P. 8002(a). Fletcher seeks leave to appeal orders dated March 19, 2014 and March 20, 2014. Another party, Stewart Turner, filed a notice of appeal on April 2, 2014. Fletcher did not file his notice of appeal until April 23, 2014—seven days after the deadline.

    Ordinarily, a district court lacks subject matter jurisdiction over untimely appeals from Bankruptcy Court orders. See In re Simeon, 421 F.3d 167, 169 (2d Cir. 2005) (holding that Rule 8002(a)'s time limit for appeals from Bankruptcy Court orders to District Courts are jurisdictional in nature). However, a motion to extend Rule 8002(a)'s time limit may be granted

by the Bankruptcy Court if it is filed within 21 days of the original deadline and the moving party makes a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2). On April 23, 2014, Fletcher filed a motion with the Bankruptcy Court, identical to the one before this Court, seeking permission to file a late appeal due to "excusable neglect." The Bankruptcy Court denied that motion because Fletcher "did not timely object" to the settlement. (Letter From Michael Luskin, dated May 21, 2014, ECF No. 14, at Ex. 1.).

A bankruptcy court's decision to deny a request to file a late notice of appeal is reviewed for abuse of discretion. See In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005). The record shows that, to the extent Fletcher objected to the settlement at all, his motion on the subject was filed only one hour before the hearing on March 19, 2014—seven days after responsive papers were due—and rejected as untimely by the Bankruptcy Court. (Bankruptcy Record on Appeal, ECF No. 2, Ex. A, at 7–8.) The Bankruptcy Court did not abuse its discretion in deeming Fletcher's failure to object to the proposed settlement sufficient reason to deny a late notice of appeal.

Moreover, the only argument for "excusable neglect" raised in Fletcher's letter is that he is a pro se litigant involved in multiple lawsuits. But neither the absence of representation nor preoccupation with other cases excuses a late filing under Rule 8002. See Myers v. New York City Human Rights Comm'n, No. 04 Civ. 0543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. July 21, 2006); Mason v. Schriver, No. 96 Civ. 6942 (LAP), 1999 WL 498221, at *3 (S.D.N.Y. July 13, 1999). Accordingly, Fletcher's motion to appeal the Bankruptcy Court's orders fails for lack of subject matter jurisdiction.

Dated: May 21, 2014
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*

Stewart Turner
200 East 71st Street
New York, NY 10021
*Appellant pro se*

Michael Luskin
Luskin, Stern and Eisler LLP
330 Madison Ave
New York, NY 10017
*Counsel for Appellee*

Alphonse Fletcher
Fletcher Asset Management, Inc.
48 Wall Street, Fourth Floor
New York, NY 10005
*Movant pro se*