e7i2flec

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   In re:                              New York, N.Y.

4   Fletcher International, Ltd.        14 Cv. 2836(WHP)

5   ------------------------------x

6                                       July 18, 2014
                                        2:50 p.m.
7
    Before:
8
                    HON. WILLIAM H. PAULEY III,
9
                                        District Judge
10

11
                          APPEARANCES
12

13  STEWART TURNER
         Pro Se Appellant
14

15  ALPHONSE FLETCHER, JR. (via telephone)
         Pro Se Appellant
16

17  LUSKIN, STERN & EISLER, LLP
         Attorneys for Appellee Richard J. Davis, Trustee
18  BY:  MICHAEL LUSKIN

19

20

21

22

23

24

25

e7i2flec

1           (In the robing room)

2           THE COURT:  Good afternoon.  This is Judge Pauley.

3   You are on a speakerphone in my robing room and a court

4   reporter is present, recording what is being said.

5           Are you there?

6           MR. FLETCHER:  I am.  Good afternoon.

7           THE COURT:  Would you give us your name for the

8   benefit of the court reporter.

9           MR. FLETCHER:  This is Alphonse Fletcher, Jr.

10          THE COURT:  All right.  Good afternoon, Mr. Fletcher.

11          I am joined by the appellant.

12          MR. TURNER:  Stewart Turner, for the record.

13          THE COURT:  Good afternoon, Mr. Turner.

14          MR. TURNER:  Good afternoon.

15          THE COURT:  And counsel for the estate.

16          MR. LUSKIN:  Michael Luskin, Luskin, Stern & Eisler,

17  for the Chapter 11 trustee.

18          THE COURT:  I have before me Mr. Luskin's letter

19  seeking leave to make a motion to require appellant to post a

20  bond in this case.

21          Have you seen the letter, Mr. Turner?

22          MR. TURNER:  Yes, I have.

23          THE COURT:  Do you want to submit a letter or shall I

24  simply fix a motion schedule?

25          MR. TURNER:  I thought we were going to discuss it

e7i2flec

1  today, but I am happy to prepare a motion.

2          THE COURT:  I am glad to discuss it also, if we can

3  endeavor to resolve it.

4          MR. TURNER:  Okay.  May I proceed?

5          THE COURT:  Yes.  Go ahead.

6          MR. TURNER:  I don't believe that a bond should be

7  part of this.  I am not requesting a stay.  I have never

8  requested a stay.  But the agreement itself calls for the

9  closing date to be 14 days after the latest stay of appeal, so

10  I believe bonds have to be put up in regard to requesting a

11  stay, but the document, the agreement between Fletcher

12  International Ltd., under trustee Davis, and United itself has

13  a contractual provision in it that would not require a bond

14  because a stay is not required.

15          THE COURT:  Mr. Luskin, do you want to respond?

16          MR. LUSKIN:  On that, just very briefly.  The kind of

17  bond that Mr. Turner is talking about is a supersedeas bond.

18  That's not the issue here.  This is a prospective-looking bond

19  under appellate --

20          THE COURT:  Keep your voice up.

21          MR. LUSKIN:  -- under Federal Rule of Appellate

22  Procedure 7, which is a forward-looking rule to impose costs.

23  And, frankly, I think that the difficult issue that I have

24  presented to your Honor or would on a motion if we can't

25  proceed just on the basis of the letters, which I am happy to

e7i2flec

1    do, is whether or not Rule 38 damages, which would include

2    attorney's fees for a meritless appeal, should be awarded.

3    Your Honor has written on that.  There are other cases.  There

4    is a Second Circuit case.  I am prepared to argue those.  But I

5    don't know that we are all prepared to do that today.

6              I do think that both of these appeals --

7    Mr. Fletcher's and Mr. Turner's -- involve discretionary

8    matters that were relegated first to the discretion of the

9    trustee, then to the discretion of the bankruptcy court.  Your

10   Honor reviewed both decisions for abuse of discretion or clear

11   error to the extent there were fact findings.

12             This is not a case like the *Currency Conversion* case

13   or *Adsani*, for that matter, because these decisions have

14   already been reviewed once.  You are sitting as an appellate

15   court.  You have probably the best position of anyone to know

16   whether or not there is merit to these appeals.  I know, again,

17   in *Currency Conversion*, you wrote that that was really a

18   question for the Court of Appeals, but I think in this case,

19   respectfully, I would ask that you exercise your discretion in

20   favor of assessing the merits of these appeals, determining

21   that, if you find them meritless, sanctions are likely to be

22   assessed, that they be included as Rule 38 costs, which can be

23   included in Rule 7 costs.

24             So that's really the entirety of my argument.  The

25   rest is detail.  This is not a bond seeking a stay.  The

e7i2flec

1    supersedeas bond, the kind of bond Mr. Turner is talking about,

2    is one he would seek if he was seeking a stay.  We don't need a

3    stay here.

4           MR. TURNER:  I believe that there are some errors.

5    One thing that Mr. Luskin said that I do agree, you may be,

6    unfortunately, in the best position to decide because you have

7    seen things that Judge Gerber has not seen, although you have

8    not seen everything, or at least I haven't seen everything.

9           When we were in the courtroom in May, Mr. Luskin had

10   said that Judge Gerber had used the term "recombination" in a

11   case to mean reverse stock split.  He also called it a term of

12   art.  I am not aware, and I am in this business, I am not aware

13   of "recombination" as a term of art in reference to a reverse

14   stock split.  It is referenced to combining deals, as mergers

15   between companies.  Sprint a couple of years ago had its

16   regular stock and a tracking stock, PCS, and at some point you

17   might call it a one-for-two reverse split, but the PCS shares

18   were converted into FON shares.

19          There is another case, I have done QRCP and turned it

20   into PSTR, a handful of cases with the word "recombination."

21          A Westlaw search for Judge Gerber and the word

22   "recombination" didn't find anything.  I couldn't find anything

23   for it on Google.  At the very least I would like to see Judge

24   Gerber's unpublished decision before we rule.  I believe it

25   impacted your decision, as you said in a footnote at the bottom

e7i2flec

1    of page 2 of your ruling, that both the trustee and UCBI

2    believe "recombination" means "reverse stock split."  I have

3    other cases where the word "recombination" doesn't mean

4    "reverse stock split."  It could be a stock split, reverse

5    stock split, a recombination, or something else.

6              I think that issue needs to be explored further.

7              THE COURT:  Do you want to make any submission to me?

8    If I treat Mr. Luskin's letter as the application for the

9    posting of a bond -- and I am prepared to do that -- if you

10   wish to submit a letter or some memorandum to me in opposition

11   to that, I will permit it, and then I will decide the question.

12             MR. TURNER:  It sounds like I should, because

13   otherwise there is one letter for him and no letter for me.

14             THE COURT:  It would be helpful.

15             MR. TURNER:  Okay.  If it would be helpful, then I am

16   happy to do so, your Honor.

17             THE COURT:  I will place one question in front of you

18   now that you can answer now or answer in your letter, but do

19   you have available to you some financial resources to post some

20   sort of bond with respect to the appeal if I were to require

21   it?

22             MR. TURNER:  Not in the amount of $50,000.  I could

23   put up a $500 bond.  I don't really have any more, and that

24   would actually be a stretch.

25             THE COURT:  When do you want to submit a letter to me?

e7i2flec

1   And you can do it in the form of a letter if you would like,

2   addressing the four factors that Mr. Luskin has outlined in his

3   letter application.

4             MR. TURNER:  I would have to review the cases closely

5   as well.  Is two weeks acceptable, your Honor?

6             THE COURT:  Do you have any problem with that?

7             MR. LUSKIN:  Your Honor, I do only because this is

8   holding up a closing.  Chambers rules did require him to file a

9   letter a week ago.  He didn't do that.  He has had my letter

10  for two or three weeks now, and I just --

11            THE COURT:  How about filing a letter response by next

12  Friday, July 25?

13            MR. TURNER:  I will do so, your Honor.

14            THE COURT:  All right?  And I will decide the matter

15  promptly.

16            MR. TURNER:  May I include attachments?  Or --

17            THE COURT:  It is really not an evidentiary matter,

18  and it is not an opportunity for reargument of the case.  You

19  need to address yourself to the factors that are set forth in

20  Mr. Luskin's letter with respect to the appeal, and they are

21  also set forth in my decision in *Currency Conversion*, which is

22  cited in his letter.

23            MR. TURNER:  May I have a copy of the Judge Gerber

24  decision that he --

25            MR. LUSKIN:  I'm not sure what he is referring to.

e7i2flec

1         MR. TURNER:  The one you referred to in court where --

2         MR. LUSKIN:  I heard you, but --

3         MR. TURNER:  -- "recombination" means "reverse stock

4    split."

5         THE COURT:  The court reporter can only take one voice

6    at a time, and both of you will address your remarks to the

7    court.

8         Are we going to be following the same procedure with

9    respect to Mr. Fletcher?  Mr. Fletcher, do you want to be

10   heard?

11        MR. FLETCHER:  First, I would like to submit a letter

12   prior to you making a decision, your Honor, if I may.

13        THE COURT:  You may do so by next Friday, July 25.

14        MR. FLETCHER:  Thank you.  I will do that.

15        The only other thing that I would add is that I

16   believe the general picture perhaps has been missing from these

17   proceedings.  I will try to address the specific issues that

18   are called for by Mr. Luskin's letter and those cases, but it

19   is also interesting that it reflects back on the case

20   generally; and I think in the absence of that information, it

21   is difficult for the court to -- I just think that information

22   is helpful to the court in reaching its ultimate decision.

23   While Mr. Turner has excellent points and is very knowledgeable

24   about these issues and I believe correct, getting buried in

25   what recombinations are versus recapitalizations versus reverse

e7i2flec

1    stock splits could lead to the right answer, but it seems like

2    a difficult task to try to bring to the court.

3            I think the answer is more easily found in the fact

4    that the court and the system relies on these fiduciaries to be

5    disinterested and to maximize the value of the estate.  To the

6    extent they are, they are given great latitude.  But in this

7    case, despite the fundamental tenets of the Bankruptcy Code,

8    despite the key factor in *TNT*, the arm's length negotiations,

9    all those things are wrong in this case and the net effect has

10   been to impair our ability to bring facts to the court.  I

11   believe that creates the excusable neglect that we have seen,

12   and I think if all those facts are properly presented to the

13   court, this settlement will be, at a minimum, reviewed more

14   carefully; if not --

15           THE COURT:  Your colloquy to the court just now

16   suggests to me a misapprehension about what the proceeding is

17   that is before me, which is an application by the estate to

18   require you and Mr. Turner, as appellants, to post a bond and

19   there are four factors involved.  They are set forth quite

20   clearly in Mr. Luskin's letter, and that is the matter on which

21   I am inviting a submission.  I have decided the appeal, and

22   this is not an invitation to relitigate the appeal.  So please

23   keep that in mind.

24           Mr. Luskin, if you feel the need to submit anything

25   further based upon what either Mr. Fletcher or Mr. Turner

e7i2flec

1    submit to me next Friday, please do so by Tuesday, July 29.

2              MR. LUSKIN:  I will do that, your Honor.  May I do it

3    in a single letter?  I know technically we have two appeals.

4              THE COURT:  You can do it in a single letter.

5              MR. LUSKIN:  I will do that.  If need be, that's what

6    I will do.

7              THE COURT:  All right, gentlemen.  Anything further?

8              MR. FLETCHER:  Your Honor, no.  I would just say I

9    understand the point you were making, and I will stick to that.

10   Thank you.

11             THE COURT:  Thank you very much.

12             Anything further, Mr. Turner?

13             MR. TURNER:  Two technical questions.

14             One, can I submit it electronically using the same

15   case filing that we did even though that's closed use?

16             MR. LUSKIN:  I submitted my letter electronically,

17   your Honor.

18             THE COURT:  Yes.  Use ECF.

19             MR. TURNER:  Okay, fine.

20             THE COURT:  You can put it in letter form, but you

21   have to sign it, and the same goes for you, Mr. Fletcher.  All

22   right?

23             MR. FLETCHER:  Yes, your Honor.

24             MR. TURNER:  And if I could get a copy of that --

25             THE COURT:  You will take it up with Mr. Mr. Luskin

e7i2flec

1    Mr. Luskin.

2              MR. LUSKIN:   Show me what you are talking about.

3              THE COURT:   You will take it up after the proceedings

4    conclude here.

5              MR. LUSKIN:   Thank you, your Honor.

6              MR. TURNER:   Thank you.

7                                    - - -

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25