July 30, 2014

**BY ECF FILING**

The Honorable William H. Pauley, III
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Stewart Turner v. Richard J. Davis (In re Fletcher International, Ltd.), 14 Civ. 02836 (WHP)**

Dear Judge Pauley:

I am responding to Mr. Luskin's combined letter to the Court dated July 29, 2014. I make no comment on Mr. Fletcher's appeal, which I am not involved in and leave that to him.

I am appealing Your Honor's decision to the Circuit Court in an appeal that is far from frivolous. Mr. Luskin goes as far in his letter as to say that it was unnecessary for him to even show Judge Gerber the United Community Banks, Inc. ("United" or "UCBI") Agreement that was being settled since it was summarized elsewhere in the massive Fletcher International, Ltd. bankruptcy docket of over 600 entries, very few of which dealt with the UCBI warrant. By way of comparison, Mr. Luskin's letter is number 32 on Your docket.

My argument on appeal – that the Trustee needed to provide minimal information (at least the relevant sections from the Securities Purchase Agreement and the Warrant) in connection with Judge Gerber making his "informed, independent decision"[1] as required by the Supreme Court is neither frivolous nor a bad faith argument. Simply including the appropriate documents against which the Bankruptcy Court was asked to pass on the Trustee's judgment would not have required a "mini trial" as per the In re Worldcom, Inc. quote listed by Mr. Luskin.

The Trustee, sadly, only points to a comment proposed by the other side (and does not show how it contradicts the estate's side) which is buried in Exhibit M of Docket No. 393 (at pages 609-622 of that Exhibit), which was only provided to You after Your "Decision reserved" finding. No counterargument or even a summary of the relevant paragraphs of the Securities Purchase Agreement or Warrant Agreement supporting a counterargument was provided to Judge Gerber. While the Trustee did say in his Report that the UCBI Warrant could be worth $71 million in that Docket No. 393, he did not forward any details to Judge Gerber in regard to the specific United decision.

My second point –repeated in my prior letter to Your Honor – is simply neither frivolous nor made in bad faith. It is that if the Trustee has a document that says he gets $107 million (the value on the day that Judge Gerber heard the case) and he takes only $12 million instead, the "litigation risk" discount

---

[1] Per U.S. Supreme Court Justice Byron White in Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. C. Gordon Anderson, Trustee, 390 U.S. 414 (1968).

needs to be articulated with more precision than the Trustee presented to Judge Gerber, particularly where the **only** legal precedent on point, the Reiss case[2], clearly states that the Trustee gets $107 million.

There is $95 million (the difference between $107 million and $12 million, or $76 million as I am writing this now) at stake in this appeal. Mr. Luskin would have Your Honor cut off my rights to the courts simply because I cannot afford $50,000 to protect him in the unlikely event that the Circuit Court finds that my appeal was brought in bad faith, especially after Your initial "decision reserved" ruling.

A balancing of the issues clearly shows that: (i) my appeal is not frivolous but is based upon real issues upon which reasonable minds can differ; (ii) that as a result, it is highly unlikely Mr. Luskin gets his costs allowed by the Circuit Court; (iii) but if I am required to post a bond, my access to the Courts will likely be cut off here and now, based upon my inability to post a bond while my income has been curtailed by the actions of the Trustee; (iv) as a harm to Mr. Luskin, he need only to continue to live with the deal that he made with United for a few more months, which is that he doesn't get the relatively paltry $12 million in settlement dollars until the appeal is exhausted (assuming he wins); and (v) creditors have a considerable likelihood, that should the Circuit Court agree with me, that United will come up with considerably more dollars.

I again implore Your Honor to not impose a bond here.


Respectfully submitted,

*[signature]*

Stewart Turner

---

[2] <u>Marvin M. Reiss et al, v. Financial Performance Corporation</u>, 97 N.Y. 2d 195 (N.Y. 2001).