

FLETCHER ASSET MANAGEMENT, INC.
48 WALL STREET, FOURTH FLOOR
NEW YORK, NY 10005

ALPHONSE FLETCHER, JR.
(212) 284-4808
AFLETCHER@FLETCHER.COM

July 25, 2014

**BY HAND**

The Honorable William H. Pauley, III
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Stewart Turner v. Richard J. Davis, *In re: Fletcher International, Ltd.*,
      Case No. 14-CV-02836 (WHP)

Dear Judge Pauley:

    I am a party in interest in the above matter proceeding *pro se*. Thank you for permission to submit this letter in response to the July 18, 2014 hearing and the July 3, 2014 letter of Michael Luskin requesting that I be required to post a Rule 7 bond. Mr. Luskin's request should be denied. He seeks to use Rule 7 not to protect the appellee from costs but to prevent the airing of the merits of my arguments in this and related matters.

    First, skillful use of process by Mr. Luskin and his allies in the multiple proceedings they have initiated has succeeded in stifling the presentation of arguments counter to theirs. Such conduct deprives the Court of a fair and unbiased opportunity to hear all relevant facts and argument and undermines the integrity of our adversary system. The substantial costs of the ongoing efforts required to counter these abusive tactics in more than a dozen litigations in multiple US jurisdictions and foreign courts leaves me unable to post a Rule 7 bond currently in this matter.

    Second, unlike the circumstances in the cases Mr. Luskin cites, this matter is between me and Richard J. Davis. This matter does not involve appellants "dispersed around the country" and would not require "numerous collection actions." Even viewing my appeal effort together with those of Stewart Turner, this matter would have only two appellants. Mr. Davis, as trustee and now administrator of a plan of liquidation, has only a few beneficiaries of his plan. For example, in contrast, in *In re Currency Conversion Fee Antitrust Litigation*, "approximately forty-two million current and former accounts" and "approximately 90,000 individuals, governments, or businesses filed claims involving over 140,000 accounts."[1]

---

[1] Additionally, given the importance of this appeal to the many stakeholders left without a voice in the underlying bankruptcy proceedings, it may be possible to obtain a guarantee of payment of costs but we have not had time to confirm that yet.

Honorable William H. Pauley, III
Friday, July 25, 2014

Third, the merits of my appeal of the underlying settlement between the Trustee and United Community Banks, Inc. and of my appeal of the characterization of the cause for my brief filing delay, even as the trustee obtained accelerated schedules through *ex parte* requests, as other than "excusable neglect" have never been heard.

Regarding the Bankruptcy Court's declaration, while the issues were before Your Honor, not the Bankruptcy Court, Mr. Luskin sent Your Honor and me a letter announcing that the Bankruptcy Court suddenly issued an order declaring that the reason for my delay was not "excusable neglect." The appeal had already been transmitted to the District Court so I asked Mr. Luskin and his colleagues what prompted the Bankruptcy Court's action but they did not respond. On April 23, I wrote (see attachment) to Mr. Luskin:

> "Thank you for sharing this endorsed order issued by Judge Gerber yesterday. It appears to deny my request to appeal or join in the Turner appeal of the United Community Bank settlement. Judge Pauley has been considering this matter as evidenced by the May 7, 2014 attached order from his chambers and the filings made in response by you and me. What prompted Judge Gerber to suddenly issue the below referenced order the day prior to Judge Pauley hearing the Turner appeal?"

Your Honor's ruling, which took note of the Bankruptcy Court's declaration, concluded that "the only argument for 'excusable neglect' raised in Fletcher's letter is that he is a pro se litigant involved in multiple lawsuits." In addition to that letter of April 23, I also submitted letters on April 28 and May 14 responding to letters from Mr. Luskin and detailing the "retaliatory litigation" tactics that caused my delay and meet the standard for "excusable neglect." On April 28, I provided your honor with documents which corroborate my theory and stated:

> "After granting the trustee's *ex parte* request to hear the settlement motion on shortened notice, the bankruptcy court struck my objection to this settlement as untimely. My error and other neglect can be excused as it results from documented interference with my legal representation by certain parties in retaliation for my protests of discrimination."

My May 14, 2014 letter responded to Mr. Luskin's submission of papers to Your Honor from other appeals. My letter identified the undisclosed conflicts of Mr. Luskin and the Fletcher International, Ltd. trustee. My letter declared:

> "Mr. Luskin's letter also referred to Judge Oetken's April 23, 2014 ruling dismissing an appeal in an associated case but failed to mention the notice of appeal of that order explaining that our claim of "excusable neglect" results not simply from proceeding *pro se*. It results from wrongful interference with our participation and legal representation in these proceedings by parties associated with defendants in a retaliation-discrimination lawsuit, *Fletcher v Dakota,* ("Dakota Parties"). The Fletcher International, Ltd. chapter 11 trustee, Richard J. Davis, did not disclose his connections to one of that case's name defendants, Anthony R. Smith. Mr. Luskin has twice falsely attested that it is a "different"

Honorable William H. Pauley, III<br>Friday, July 25, 2014

Anthony R. Smith. My submissions document that the less glaring ties of Mr. Davis and Mr. Luskin are of even greater concern. As I wrote in my March 19, 2014 submission, "Fiduciaries with connections to such parties could have interests 'consistent with Defendant [Bruce] Barnes' threat to Fletcher in June 2010 that if Fletcher went ahead and vindicated his rights by filing this lawsuit, the [Dakota] Board would do everything in its power to destroy Fletcher and his reputation in the business community.' *[Fletcher v Dakota,* Amended Compl."

These conflicts have great bearing on these appeals. They bear on the underlying appeal of the trustee's settlement with United Community Banks, Inc. including whether it was in fact at "arms length." They bear on the determination of whether the delay in my filings resulting from "retaliatory litigation" meets the legal standard of "excusable neglect." They bear on whether Mr. Luskin's efforts with respect to the Rule 7 bond are in fact part of unlawful scheme to "create an impermissible barrier to appeal." *In re General Electric Company Securities Litigation*, [09 Civ. 1951 (DLC)], SDNY, February 11, 2014.

Mr. Luskin's Rule 7 bond request should be denied. His continuing efforts to hide the facts of these matters from being aired must not be allowed to prevent these courts from reaching informed and just resolutions of these matters.

Respectfully and sincerely submitted,<br><br>Alphonse Fletcher, Jr.

cc:    Michael Luskin
       Stewart Turner

Attachment:   Fletcher April 23, 2014 Email to Michael Luskin

3 of 5

From: Alphonse Fletcher <af@fam91.com>
Subject: Fwd: Turner v. Davis (In re Fletcher International, Ltd.), No.
Date: May 22, 2014 11:13:54 AM PDT
To: Stephan Hornung <hornung@lsellp.com>, Michael Luskin <iluskin@lsellp.com>
Cc: STurner {STurner} <sturner@fletcher.com>, davis Richard <Richard.Davis@rjdavislaw.com>

2 Attachments, 619 KB

Mr. Hornung and Mr. Luskin,

Thank you for sharing this endorsed order issued by Judge Gerber yesterday. It appears to deny my request to appeal or join in the Turner appeal of the United Community Bank settlement. Judge Pauley has been considering this matter as evidenced by the May 7, 2014 attached order from his chambers and the filings made in response by you and me. What prompted Judge Gerber to suddenly issue the below referenced order the day prior to Judge Pauley hearing the Turner appeal?

Thank you,
Alphonse Fletcher

Begin forwarded message:

From: Stephan Hornung <hornung@lsellp.com>
Subject: Turner v. Davis (In re Fletcher International, Ltd.), No.
Date: May 21, 2014 12:01:55 PM PDT
To: "stewartaturner@hotmail.com" <stewartaturner@hotmail.com>, Alphonse Fletcher <af@fam91.com>
Cc: Michael Luskin <luskin@lsellp.com>

Please see the attached letter.

Stephan Hornung
Luskin, Stern & Eisler LLP
Eleven Times Square
New York, NY 10036

Direct: 212-597-8245
Main: 212-597-8200
Fax: 212-974-3205

hornung@lsellp.com
www.lsellp.com

This email and any attachments accompanying it are only for the use of the intended recipient and may contain material that is confidential or privileged. Any review, use, disclosure, copying or distribution of this transmission by anyone other than the intended recipient is strictly prohibited. If you are not an intended recipient, please immediately notify the sender by reply email and delete all copies of this transmission.


Doc_14_Lett_...pdf (457 KB)

USDC SDNY  Case 1:14-cv-02836-WHP  Document 10  Filed 05/07/14  Page 1 of 1
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/14

FLETCHER ASSET MANAGEMENT, INC.
48 WALL STREET, FOURTH FLOOR
NEW YORK, NY 10005

ALPHONSE FLETCHER, JR
(212) 284-4908
AFLETCHER@FLETCHER.COM


RECEIVED
APR 29 2014
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

April 28, 2014

BY HAND

The Honorable William H. Pauley, III
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Stewart Turner v. Richard J. Davis, *In re: Fletcher International, Ltd.*,
     Case No. 14-CV-02836 (WHP)

Dear Judge Pauley:

I am a party in interest in the above matter proceeding *pro se* and have filed the attached Request and Notice to Appeal or Join in the Turner Appeal of the bankruptcy court's order approving the settlement with United Community Banks, Inc. ("United")

WWW.FLETCHER.COM

Honorable William H. Pauley, III
Friday, July 25, 2014

court's order approving the settlement with United Community Banks, Inc. ("United"). The central issue, whether this settlement relating to the estate's primary asset meets the required standard, likely fails the "arms length" requirement. Specifically, as described in the attached filing, the bankruptcy court was deprived of an opportunity to judge whether the negotiation leading to the settlement was truly at "arms length." The chapter 11 trustee and his advisors refuse to honor their disclosure obligations under Bankruptcy Rule 2014 and Bankruptcy Code Section 327(a) despite being confronted with undisclosed connections founds in publicly available information.

After granting the trustee's *ex parte* request to hear the settlement motion on shortened notice, the bankruptcy court struck my objection to this settlement as untimely. My error and other neglect can be excused as it results from documented interference with my legal representation by certain parties in retaliation for my protests of discrimination. I humbly ask that you use your discretion to permit my participation so all parties are heard. Alternatively, I ask that you grant me the opportunity to present evidence of the above interference so that I might demonstrate justification for use of your discretion.

Respectfully and sincerely submitted,

Alphonse Fletcher, Jr.

cc: Michael Luskin
Stewart Turner

By May 13, 2014, Defendants are ordered to file a response to Alphonse Fletcher's letter application to appeal or join in Stewart Turner's appeal in this matter.

SO ORDERED:   5/7/14
WILLIAM H. PAULEY III U.S.D.J.

TELEPHONE: (212) 284-4800   WWW.FLETCHER.COM

RECEIVED

2014 JUL 25 P 5:06

U S DISTRICT COURT SDNY

FLETCHER ASSET MANAGEMENT, INC.
48 WALL STREET, FOURTH FLOOR
NEW YORK, NY 10005

ALPHONSE FLETCHER, JR
(212) 284-4808
AFLETCHER@FLETCHER.COM

July 25, 2014

**BY HAND**

The Honorable William H. Pauley, III
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Stewart Turner v. Richard J. Davis, *In re: Fletcher International, Ltd.*,
Case No. 14-CV-02836 (WHP)

Dear Judge Pauley:

I am a party in interest in the above matter proceeding *pro se*. Thank you for permission to submit this letter in response to the July 18, 2014 hearing and the July 3, 2014 letter of Michael Luskin requesting that I be required to post a Rule 7 bond. Mr. Luskin's request should be denied. He seeks to use Rule 7 not to protect the appellee from costs but to prevent the airing of the merits of my arguments in this and related matters.

First, skillful use of process by Mr. Luskin and his allies in the multiple proceedings they have initiated has succeeded in stifling the presentation of arguments counter to theirs. Such conduct deprives the Court of a fair and unbiased opportunity to hear all relevant facts and argument and undermines the integrity of our adversary system. The substantial costs of the ongoing efforts required to counter these abusive tactics in more than a dozen litigations in multiple US jurisdictions and foreign courts leaves me unable to post a Rule 7 bond currently in this matter.

Second, unlike the circumstances in the cases Mr. Luskin cites, this matter is between me and Richard J. Davis. This matter does not involve appellants "dispersed around the country" and would not require "numerous collection actions." Even viewing my appeal effort together with those of Stewart Turner, this matter would have only two appellants. Mr. Davis, as trustee and now administrator of a plan of liquidation, has only a few beneficiaries of his plan. For example, in contrast, in *In re Currency Conversion Fee Antitrust Litigation*, "approximately forty-two million current and former accounts" and "approximately 90,000 individuals, governments, or businesses filed claims involving over 140,000 accounts."[1]

---

[1] Additionally, given the importance of this appeal to the many stakeholders left without a voice in the underlying bankruptcy proceedings, it may be possible to obtain a guarantee of payment of costs but we have not had time to confirm that yet.

WWW.FLETCHER.COM

Honorable William H. Pauley, III<br>
Friday, July 25, 2014

Third, the merits of my appeal of the underlying settlement between the Trustee and United Community Banks, Inc. and of my appeal of the characterization of the cause for my brief filing delay, even as the trustee obtained accelerated schedules through *ex parte* requests, as other than "excusable neglect" have never been heard.

Regarding the Bankruptcy Court's declaration, while the issues were before Your Honor, not the Bankruptcy Court, Mr. Luskin sent Your Honor and me a letter announcing that the Bankruptcy Court suddenly issued an order declaring that the reason for my delay was not "excusable neglect." The appeal had already been transmitted to the District Court so I asked Mr. Luskin and his colleagues what prompted the Bankruptcy Court's action but they did not respond. On April 23, I wrote (see attachment) to Mr. Luskin:

> "Thank you for sharing this endorsed order issued by Judge Gerber yesterday. It appears to deny my request to appeal or join in the Turner appeal of the United Community Bank settlement. Judge Pauley has been considering this matter as evidenced by the May 7, 2014 attached order from his chambers and the filings made in response by you and me. What prompted Judge Gerber to suddenly issue the below referenced order the day prior to Judge Pauley hearing the Turner appeal?"

Your Honor's ruling, which took note of the Bankruptcy Court's declaration, concluded that "the only argument for 'excusable neglect' raised in Fletcher's letter is that he is a pro se litigant involved in multiple lawsuits." In addition to that letter of April 23, I also submitted letters on April 28 and May 14 responding to letters from Mr. Luskin and detailing the "retaliatory litigation" tactics that caused my delay and meet the standard for "excusable neglect." On April 28, I provided your honor with documents which corroborate my theory and stated:

> "After granting the trustee's *ex parte* request to hear the settlement motion on shortened notice, the bankruptcy court struck my objection to this settlement as untimely. My error and other neglect can be excused as it results from documented interference with my legal representation by certain parties in retaliation for my protests of discrimination."

My May 14, 2014 letter responded to Mr. Luskin's submission of papers to Your Honor from other appeals. My letter identified the undisclosed conflicts of Mr. Luskin and the Fletcher International, Ltd. trustee. My letter declared:

> "Mr. Luskin's letter also referred to Judge Oetken's April 23, 2014 ruling dismissing an appeal in an associated case but failed to mention the notice of appeal of that order explaining that our claim of "excusable neglect" results not simply from proceeding *pro se*. It results from wrongful interference with our participation and legal representation in these proceedings by parties associated with defendants in a retaliation-discrimination lawsuit, *Fletcher v Dakota,* ("Dakota Parties). The Fletcher International, Ltd. chapter 11 trustee, Richard J. Davis, did not disclose his connections to one of that case's name defendants, Anthony R. Smith. Mr. Luskin has twice falsely attested that it is a "different"

2 of 5

Honorable William H. Pauley, III<br>
Friday, July 25, 2014

Anthony R. Smith. My submissions document that the less glaring ties of Mr. Davis and Mr. Luskin are of even greater concern. As I wrote in my March 19, 2014 submission, "Fiduciaries with connections to such parties could have interests 'consistent with Defendant [Bruce] Barnes' threat to Fletcher in June 2010 that if Fletcher went ahead and vindicated his rights by filing this lawsuit, the [Dakota] Board would do everything in its power to destroy Fletcher and his reputation in the business community.' *[Fletcher v Dakota,* Amended Compl."

These conflicts have great bearing on these appeals. They bear on the underlying appeal of the trustee's settlement with United Community Banks, Inc. including whether it was in fact at "arms length." They bear on the determination of whether the delay in my filings resulting from "retaliatory litigation" meets the legal standard of "excusable neglect." They bear on whether Mr. Luskin's efforts with respect to the Rule 7 bond are in fact part of unlawful scheme to "create an impermissible barrier to appeal." *In re General Electric Company Securities Litigation*, [09 Civ. 1951 (DLC)], SDNY, February 11, 2014.

Mr. Luskin's Rule 7 bond request should be denied. His continuing efforts to hide the facts of these matters from being aired must not be allowed to prevent these courts from reaching informed and just resolutions of these matters.

Respectfully and sincerely submitted,<br>
*[signature]*<br>
Alphonse Fletcher, Jr.

cc:        Michael Luskin<br>
           Stewart Turner

Attachment:  Fletcher April 23, 2014 Email to Michael Luskin

**From:** Alphonse Fletcher <af@fam91.com>
**Subject:** Fwd: Turner v. Davis (In re Fletcher International, Ltd.), No.
**Date:** May 22, 2014 11:13:54 AM PDT
**To:** Stephan Hornung <hornung@lsellp.com>, Michael Luskin <luskin@lsellp.com>
**Cc:** STurner {STurner} <sturner@fletcher.com>, davis Richard <Richard.Davis@rjdavislaw.com>

2 Attachments, 618 KB

Mr. Hornung and Mr. Luskin,

Thank you for sharing this endorsed order issued by Judge Gerber yesterday. It appears to deny my request to appeal or join in the Turner appeal of the United Community Bank settlement. Judge Pauley has been considering this matter as evidenced by the May 7, 2014 attached order from his chambers and the filings made in response by you and me. What prompted Judge Gerber to suddenly issue the below referenced order the day prior to Judge Pauley hearing the Turner appeal?

Thank you,
Alphonse Fletcher

Begin forwarded message:

**From:** Stephan Hornung <hornung@lsellp.com>
**Subject: Turner v. Davis (In re Fletcher International, Ltd.), No.**
**Date:** May 21, 2014 12:01:55 PM PDT
**To:** "stewartaturner@hotmail.com" <stewartaturner@hotmail.com>, Alphonse Fletcher <af@fam91.com>
**Cc:** Michael Luskin <luskin@lsellp.com>

Please see the attached letter.

Stephan Hornung
Luskin, Stern & Eisler LLP
Eleven Times Square
New York, NY 10036

Direct: 212-597-8245
Main: 212-597-8200
Fax: 212-974-3205

hornung@lsellp.com
www.lsellp.com

This email and any attachments accompanying it are only for the use of the intended recipient and may contain material that is confidential or privileged. Any review, use, disclosure, copying or distribution of this transmission by anyone other than the intended recipient is strictly prohibited. If you are not an intended recipient, please immediately notify the sender by reply email and delete all copies of this transmission.



Doc 14 Lett....pdf (437 KB)

```
USDC SDNY       Case 1:14-cv-02836-WHP   Document 10   Filed 05/07/14   Page 1 of 1
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/14
```



FLETCHER ASSET MANAGEMENT, INC.
48 WALL STREET, FOURTH FLOOR
NEW YORK, NY 10005

ALPHONSE FLETCHER, JR
(212) 284-4608
AFLETCHER@FLETCHER.COM

April 28, 2014

**BY HAND**



RECEIVED
APR 29 2014
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

The Honorable William H. Pauley, III
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Stewart Turner v. Richard J. Davis, *In re: Fletcher International, Ltd.*,
     Case No. 14-CV-02836 (WHP)

Dear Judge Pauley:

I am a party in interest in the above matter proceeding *pro se* and have filed the attached Request and Notice to Appeal or Join in the Turner Appeal of the bankruptcy

WWW.FLETCHER.COM

Honorable William H. Pauley, III
Friday, July 25, 2014

court's order approving the settlement with United Community Banks, Inc. ("United"). The central issue, whether this settlement relating to the estate's primary asset meets the required standard, likely fails the "arms length" requirement. Specifically, as described in the attached filing, the bankruptcy court was deprived of an opportunity to judge whether the negotiation leading to the settlement was truly at "arms length." The chapter 11 trustee and his advisors refuse to honor their disclosure obligations under Bankruptcy Rule 2014 and Bankruptcy Code Section 327(a) despite being confronted with undisclosed connections founds in publicly available information.

After granting the trustee's *ex parte* request to hear the settlement motion on shortened notice, the bankruptcy court struck my objection to this settlement as untimely. My error and other neglect can be excused as it results from documented interference with my legal representation by certain parties in retaliation for my protests of discrimination. I humbly ask that you use your discretion to permit my participation so all parties are heard. Alternatively, I ask that you grant me the opportunity to present evidence of the above interference so that I might demonstrate justification for use of your discretion.

Respectfully and sincerely submitted,

Alphonse Fletcher, Jr.

cc: Michael Luskin
Stewart Turner

By May 13, 2014, Defendants are directed to file a response to Alphonse Fletcher's letter application to appeal or join in Stewart Turner's appeal in this matter.

**SO ORDERED:** 5/7/14

WILLIAM H. PAULEY III U.S.D.J.

TELEPHONE: (212) 284-4800  WWW.FLETCHER.COM

ELR {ERadu}

| | |
|---|---|
| From: | Alphonse Fletcher |
| Sent: | Friday, July 25, 2014 4:46 PM |
| To: | STurner {STurner} |
| Cc: | ELR ERadu |
| Subject: | Re: Greetings from Buddy |
| Attachments: | Fletcher to Hon. Pauley 2014-07-25 .pdf; ATT00065.htm |

QE - 2010, Cayman,
counsel - conflicts w/ News Corp, AG, Angelo Family, LA officials
News Corp - intimidation, false quotes, breach of contract
Fiduciaries - violation of bankruptcy disclosure
Cayman judge - conflicts, faulty decision, delay and cancel appeals, ex parte
government - questions from IRS, SEC, privilege


On Jul 18, 2014, at 8:51 AM, Alphonse Fletcher wrote:

I'll call now to see if you're free.
On Jul 17, 2014, at 10:17 PM, Alphonse Fletcher wrote:

Wow. Congratulations! I look forward to speaking tomorrow later morning. Thanks.

Begin forwarded message:

**From:** Theodore M Shaw <tshaw@law.columbia.edu>
**Subject: Re: Greetings from Buddy**
**Date:** July 17, 2014 10:09:19 PM PDT
**To:** Alphonse Fletcher <af@fam91.com>

Buddy:
   My deepest apologies. I have left Columbia and moved from New York to Chapel Hill, N.C., where I accepted an endowed chair named for Julius L. Chambers, LDF's third director-counsel. I also am the DIrector of UNC Law School's Center for Civil Rights. It is a great opportunity, and given what has been happening in North Carolina, right now this is a good place to do some important work.
   You probably knew Julius, or at least knew about him. Julius was a great lawyer, a former boss and mentor, and a friend. He was a graduate of UNC Law School, first in his class in 1961, and editor-in-chief of the law review. He died last summer.
   I only saw your message now. This email is being phased out within a few days and I have been checking it infrequently. My new email address is tedshaw@email.unc.edu . If you still would like to talk with me, I am available. My cell remains 212 300 7417. I am available tomorrow morning , if that works for you.

              Ted


On Mon, Jul 7, 2014 at 4:25 PM, Alphonse Fletcher <af@fam91.com> wrote:

1